IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANTHONY CHARLES FRITZ,<br>            Petitioner,<br>      v.<br>DORA SCHRIRO and<br>ARIZONA ATTORNEY GENERAL,<br>            Respondents.<br>_____ | CIV 06-02186 PHX JWS (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE JOHN W. SEDWICK:**

On September 13, 2006, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his criminal conviction by an Arizona state court.  Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 11) on January 19, 2007. Respondents argue the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice.  Additionally, Respondents assert the Court should not consider the merits of Petitioner's claims for habeas relief because Petitioner procedurally defaulted his federal habeas claims in the state courts and he has not shown cause for, and prejudice arising from, his procedural default of his claims.  Petitioner filed a reply (Docket No. 12) to the

government's answer to the petition on February 13, 2007.

## I Procedural History

Petitioner pled no contest to one count of molestation of a child and one count of attempted molestation of a child in December of 1992. Answer, Exh. A. Petitioner's plea was predicated on a written plea agreement which provided that ten other charges against Petitioner would be dismissed. Id., Exh. K. In March of 1993 Petitioner was sentenced to a mitigated term of 15 years in prison for his conviction on the single count of molestation of a child. Id., Exh. B. Petitioner was sentenced to a term of lifetime probation pursuant to his conviction on the single count of attempted molestation of a child. Id., Exh. B.

Petitioner filed a timely *pro se* action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on September 28, 1993. Id., Exh. C & Exh. D. The petition for post-conviction relief stated numerous claims, including ineffective assistance of counsel, prosecutorial misconduct, improper sentencing, and improper consideration of evidence regarding sentencing. The petition for post-conviction relief was dismissed by the trial court on October 29, 1993. Id., Exh. D & Exh. E. Petitioner's request that he be allowed to seek untimely review of this decision by the Arizona Court of Appeals was denied on February 2, 1994. Id., Exh. H.[1]

---

[1] In a minute entry dated October 12, 1995, the Maricopa County Superior Court noted Petitioner had not sought review of the trial court's decision denying post-conviction relief by the Arizona Court of Appeals or the Arizona Supreme Court. Answer, Exh. L.

-2-

Petitioner initiated a second Rule 32 action on October 25, 2003. Id., Exh. C & Exh. D. The Arizona trial court noted the petition was a duplicate of the first Rule 32 petition and dismissed the second Rule 32 action because it was not timely and because relief on the claims stated had previously been denied. Id., Exh. D.

Petitioner initiated another action for post-conviction relief on August 20, 2004. Id., Exh. M. Petitioner asserted he was entitled to relief based on the United States Supreme Court's decision in Blakely v. Washington. Id., Exh. M. The Arizona trial court determined the action for post-conviction relief was not timely and was without merit and dismissed the petition. Id., Exh. N. Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on July 21, 2005. Id., Exh. S. Petitioner sought review of the denial of post-conviction relief by the Arizona Supreme Court, which denied review on January 23, 2006. Id., Exh. T.

Petitioner filed another petition for post-conviction relief in the Arizona trial court on May 5, 2006, asserting he had newly discovered evidence regarding his convictions. Id., Exh. O. The Arizona trial court, noting Petitioner had not presented any newly discovered facts to the court, dismissed the petition as not timely filed on June 5, 2006. Id., Exh. P.

On May 31, 2006, Petitioner filed another action for state post-conviction relief, again alleging his defense counsel was ineffective and that he was entitled to relief pursuant to Blakely. Id., Exh. Q. The Arizona trial court concluded

Petitioner had previously raised the Blakely claim and this claim was denied, and that his ineffective assistance of counsel claim was precluded by Petitioner's failure to properly pursue this claim in his first Rule 32 action. Id., Exh. R.

Petitioner filed his federal habeas petition on September 13, 2006. Petitioner asserts he is entitled to relief because: (1) the trial court violated Blakely by enhancing his sentence for molestation of a child without additional findings made by a jury; (2) the trial court violated Blakely by imposing lifetime probation as a sentence for attempted molestation of a child without additional findings made by a jury; and (3) his sentence of lifetime probation constitutes cruel and unusual punishment. Petition at 5-7.

**II Analysis**

**A. Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Because Petitioner pled guilty, pursuant to Arizona law he had no right to a direct appeal and his convictions arguably became "final" for the purpose of federal habeas relief on the date judgment was entered and he was sentenced by the state trial court, i.e., in March of 1993. See Montgomery v. Sheldon, 181 Ariz. 256, 258 (1995); Isley v. Arizona Dep't of Corr., 383 F.3d 1054, 1056 (9th Cir. 2004). Cf. Hernandez-Almanza v. United States Dep't of Justice, INS, 547 F.2d 100, 103 (9th Cir. 1976) (holding, for purposes of immigration proceeding, that a

criminal conviction was final when the defendant entered a guilty plea and waived direct appeal). Therefore, Petitioner's state conviction became final before April 24, 1996, the effective date of the AEDPA. See Pub. L. No. 104-132, 110 Stat. 1214.

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). Additionally, the AEDPA required state prisoners whose convictions became final before April 24, 1996, to file any petition for federal habeas corpus relief from those convictions by April 24, 1997. See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001); Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). However, the AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2) (1994 & Supp. 2006); Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

Because Petitioner's state conviction became final prior to the effective date of the AEDPA, the one-year statute of limitations on Petitioner's action for federal habeas relief began to run on April 24, 1996, and expired on April 24, 1997, unless it was tolled by any pending action for state post-conviction relief. See Bunney, 262 F.3d at 974; Patterson, 251 F.3d at 1246.

Petitioner did not have any action for state post-conviction relief pending in the Arizona courts on April 24, 1996, when the statute of limitations began to run on Petitioner's federal habeas action. Petitioner did not file any action for state post-conviction relief, which would have tolled the statute of limitations, from April 24, 1996, when the statute of limitations began running, until April 24, 1997, when the statute of limitations on Petitioner's federal habeas action expired. Petitioner did not file his second action for state post-conviction relief until more than five years after the statute of limitations on his federal habeas action expired, on October 25, 2003. That action for post-conviction relief could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003); Malcom v. Payne, 281 F.3d

951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). It is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston, 417 F.3d at 1034.

Petitioner asserts his federal habeas petition was timely filed because the legal basis for his claim, i.e., the United States Supreme Court's decision in Blakely, was not previously available to Petitioner. Docket No. 12 at 3. Petitioner further contends that his incarceration, lack of legal experience, limited access to legal materials, and inability to access "outside advisory or financial assistance," are extraordinary circumstances which warrant equitable tolling of the statute of limitations. Id. at 4.

Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure to timely file his federal habeas action. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1815 (2005) (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state

officials or, occasionally, by the petitioner's counsel."). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Faught v. Butler, 135 Fed. App. 92, 93 (9th Cir. 2005).

Petitioner does not claim he was misled about the statute of limitations or that Respondents acted to inhibit the filing of his federal habeas petition. A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-716 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling"). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (internal quotations and citations omitted). Compare Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002).

Additionally, Blakely does not provide for an alternative date for beginning the statute of limitations regarding Petitioner's habeas action. Section 2244 provides the statute of limitations regarding a federal habeas claim may begin to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

-8-

retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(1994 & Supp. 2006). This section is not applicable to Petitioner's <u>Blakely</u> claim because the United States Supreme Court has not made <u>Blakely</u> retroactive to cases on collateral review. <u>See</u> <u>Schardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005), <u>petition for cert. filed</u>, No. 05-9237 (Nov. 10, 2005). <u>See</u> also <u>Tyler v. Cain</u>, 533 U.S. 656, 662, 121 S. Ct. 2478, 2482 (2001) (holding that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review).

### III. Conclusion

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant to the AEDPA. Petitioner has not shown that the circumstances of his case warrant application of equitable tolling so that this Court may address the merits of his petition for a writ of habeas corpus.

**IT IS THEREFORE RECOMMENDED** that Mr. Fritz' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 15th day of February, 2007.

_____
Mark E. Aspey
United States Magistrate Judge